UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSE A. ORELLANA,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | No. CV-07-0165-CI<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 12, 15.) Attorney Lora Lee Stover represents Plaintiff; Special Assistant United States Attorney L. Jamala Edwards represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 6.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment and remands the matter to the Commissioner for additional proceedings pursuant to sentence four of 42 U.S.C. 405(g).

Plaintiff protectively filed for disability benefits and Supplemental Security Income benefits on June 5, 2002, alleging disability due to depression and back problems with an onset date of

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 1

November 2001. (Tr. 73-77, 84.) Following a denial of benefits at the initial stage and on reconsideration, a hearing was held before Administrative Law Judge (ALJ) Paul Gaughen on May 6, 2004. The ALJ ordered additional consultative exams and continued the hearing; a supplemental hearing was held on May 25, 2005. (Tr. 436-463, 464-487.) Medical expert Allen Bostwick and vocational expert Daniel McKinney testified at the supplemental hearing. (Tr. 468, 482.) On October 22, 2005, ALJ Gaughen denied benefits and review was denied by the Appeals Council. (Tr. 7-9, 388.) This appeal followed. Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF FACTS**

The facts are stated in detail in the transcript of proceedings and are briefly summarized here. Plaintiff was 48 years old at the time of the administrative hearing. (Tr. 48.) He testified he was not married and lived with his mother, his brother and his brother's spouse and daughter, his daughter and her children. (Tr. 443.) He stated that he takes care of the grandchildren two to three hours a day. (Tr. 442.) Plaintiff testified at the hearing that he only went to second grade in El Salvador, his country of origin, and was going to community college four days a week at the time of the hearing for his graduate equivalency degree and English classes. (Tr. 485-86.) He had past work experience as a commercial cleaner and cook. (Tr. 85, 482.) He stated he quit his last job as a school janitor due to back problems. He had worked there for eleven years. (Tr. 443.) He testified that he had been going to Spokane Mental Health center for counseling for the past eight years. He

was taking prescription drugs for depression.  (Tr. 452-53.)

**ADMINISTRATIVE DECISION**

The ALJ found Plaintiff was insured for benefits through the date of the decision and found at step one Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  He determined Plaintiff had impairments due to "symptoms of depression, intermittent symptoms of anxiety and occasional back pain of undetermined etiology," but these impairments did not significantly limit Plaintiff's ability to perform basic work-related activities. The ALJ determined "the claimant does not have a 'severe' impairment." (Tr. 32.)  He also found Plaintiff's allegations regarding his symptoms and limitations were not credible and, at step two, concluded Plaintiff was not disabled as defined by the Social Security Act.  (Tr. 33.)

**ISSUES**

The question presented is whether there was substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards. Plaintiff contends the ALJ erred when he (1) found no severe impairments; (2) improperly rejected medical opinions of treating psychiatrist Minerva Arrienda, M.D.; and  (3) improperly rejected his testimony.  (Ct. Rec. 13 at 8.)

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 3

being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

**SEQUENTIAL PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 4

disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

## DISCUSSION

### A.   Step Two: Severe Impairments

At step two of the sequential process, the ALJ must conclude whether Plaintiff suffers from a "severe" impairment, one which has more than a slight effect on the claimant's ability to work. To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. §§ 404.1508; 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. §§ 404.1529, 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of pain. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). However, an overly stringent application of the severity requirement violates the statute by denying benefits to claimants who do meet the statutory definition of disabled. *Corrao v. Shalala*, 20 F.3d 943, 949 (9th Cir. 1994). Thus, the Commissioner has passed regulations which guide dismissal of claims at step two. Those regulations state an impairment may be found to be "non-severe" only when evidence establishes a "slight abnormality" that has "no more than a *minimal effect* on an individual's ability to work." *Id.* (*Citing Social*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 5

*Security Ruling (SSR) 85-28).*

The step two inquiry is a *de minimis* screening device to dispose of groundless or frivolous claims. *Bowen v. Yuckert*, 482 U.S. 137, 153-154 (1987). Further, the ALJ must consider the combined effect of all of the claimant's impairments on his ability to function, without regard to whether each alone was sufficiently severe. *See* 42 U.S.C. § 423(d)(2)(B)(Supp. III 1991). The combined effect "shall be considered throughout the disability determination process." Id. The adjudicator's role at step two is further explained by *SSR* 85-28:

> A determination that an impairment(s) is not severe requires a careful evaluation of the medical findings which describe the impairment(s) and an informed judgment about its (their) limiting effects on the individual's physical and mental ability(ies) to perform basic work activities; thus, an assessment of function is inherent in the medical evaluation process itself. At the second step of sequential evaluation, then, medical evidence alone is evaluated in order to assess the effects of the impairment(s) on ability to do basic work activities.
>
> . . .
>
> If . . . evidence shows that the person cannot perform his or her past relevant work because of the unique features of that work, a denial at the "not severe" step of the sequential evaluation process is inappropriate. The inability to perform past relevant work in such instances warrants further evaluation of the individual's ability to do other work considering age, education and work experience.

*SSR* 85-28.

Here, the ALJ did not take vocational expert testimony regarding Plaintiff's ability to do his past relevant work. He found Plaintiff's medically documented depression, anxiety and back pain did not cause more than minimal limitations in his ability to work. (Tr. 32.) The ALJ gave reasons for rejecting medical

opinions that Plaintiff's condition caused marked and severe limitations, (Tr. 27-29); however, the evidence is sufficient to satisfy the "*de minimis*" threshold at step two. *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). Further, the Ninth Circuit has held that where the objective evidence is incomplete, the ALJ has a duty to supplement the record before rejecting a claimant's application so early in the evaluation process. (*Id*.) Although the ALJ ordered an additional orthopedic examination and used a medical expert to resolve "disparate diagnoses" between treating and examining psychological reports, (Tr. 462), medical expert Bostwick testified that intellectual testing with a Spanish psychologist would resolve some of the issues regarding Plaintiff's cognitive functioning raised by the fluctuating responses on objective testing. (Tr. 473-75.) Dr. Bostwick also suggested in cases where an interpreter is used, that the interpreter be interviewed to assess whether communication during testing was hindered by cultural differences. (Tr. 475-76.)

    Dr. Bostwick also testified Plaintiff did very poorly on the Trails exams in February 2003, and the results indicated a severe functioning impairment. Dr. Bostwick explained that the Trails A and B exams were not neuropsychological; rather, they tested a patient's visual perception. (Tr. 480-82.) The evidence indicates Plaintiff could not see well due to an eye condition that was not corrected until December 2003. (Tr. 264-65, 462.) Questions of Plaintiff's cognitive abilities were raised by these test results; however, it is unknown what, if any, impact Plaintiff's eye condition had on his ability to complete the tests. (Tr. 213-14,

481.) Because of these ambiguities, additional intelligence testing, with appropriate consideration of the cultural and language differences, is necessary to assess language proficiency and cognitive functioning before a new sequential evaluation is conducted. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

**B.   Credibility Determinations at Step Two**

The ALJ, examining psychologist Frank Rosekrans, and Dr. Bostwick expressed concerns over Plaintiff's credibility, citing inconsistent responses regarding education, past work, family constellation, and poor effort on parts of the psychological testing. (*E.g.,* Tr. 32, 298-99, 480-86.) The ALJ concluded that based on these inconsistencies, evidence of the Plaintiff's activities of daily living, and the medical evidence in its entirety, Plaintiff was not entirely credible. (Tr. 32.) However, for purposes of a step two finding, where there is no inconsistency between a claimant's complaints and the diagnoses of record from examining and treating doctors, a claim cannot be found "groundless" under the *de minimis* standard of step two. *Webb*, 433 F.3d at 688 (*c.f. Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005) (step two denial affirmed where record had contained no objective evidence and claimant's doctor hesitant to conclude symptoms and complaints were medically legitimate).

Here, Plaintiff's complaints are consistent with the medical record in its entirety, which shows intermittent diagnoses of depression and anxiety (although there is no objective medical evidence of PTSD), medical opinions indicating moderate to marked

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE
FOUR 42 U.S.C. § 405(g) - 8

functional limitations, and testimony by the medical expert that there was a medically determinable mental impairment of a depressive disorder (Tr. 180, 187, 213, 472.)  Further, the record is well supported by mental health counseling notes and documentation of medication treatment, indicating that Plaintiff's claims are more than *de minimus* or frivolous. (Tr. 223-550, 278, 372.)  Thus, there is not the total absence of objective medical evidence necessary to preclude a step two finding of a "severe" mental impairment. *Webb*, 433 F.3d at 688.  The ALJ erred in finding no severe mental impairment and ending the sequential evaluation at step two. Because the issue of Plaintiff's ability to understand the psychological testing in English, his ability to see during the Trails testing and attendant questions about his cognitive functioning, and the ALJ's failure to proceed with the sequential evaluation, additional evidence is necessary (including vocational expert testimony).  Since it is not clear from the record before the court that Plaintiff is disabled as defined by the Social Security Act, remand for development of the record and additional proceedings is appropriate.  *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000); *Smolen v. Chater,*, 80 F.3d 1273, 1292 (9th Cir. 1996).

While the Plaintiff may not be successful in proving he is disabled, consideration of Plaintiff's limitations caused by severe and non-severe impairments in combination, along with his language proficiency and the effects of medication, is necessary to determine whether Plaintiff is disabled as defined by the Social Security Act.  20 C.F.R. §§ 404.1520, .1529; §§ 416.920,.929. Accordingly,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE
FOUR 42 U.S.C. § 405(g) - 9

**IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 12)** is **GRANTED.** The matter is remanded to the Commissioner for additional proceedings pursuant to 42 § U.S.C. 405(g).

2. Defendant's Motion for Summary Judgment dismissal **(Ct. Rec. 15)** is **DENIED**.

3. Application for attorney fees may be made by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. The file shall be **CLOSED** and judgment entered for **Plaintiff**.

DATED February 6, 2008.

S/ CYNTHIA IMBROGNO
UNITED STATES MAGISTRATE JUDGE
